IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NUMBER 1:07MS00003 |
| v. | JUDGE: Richard W. Roberts |
| DOMINIC SAMUELS, et al., | DECK TYPE: Miscellanous |
| | DATE STAMP: 01/05/2007 |

## MOTION TO QUASH SUBPOENA DUCES TECUM

DeCola Jones ("Movant"), a nonparty to the above-referenced matter, hereby moves this Court to quash the Subpoena Duces Tecum issued by Eduardo Balarczo in the above-captioned matter. In support of her Motion, Movant relies upon the following:

1. Fed. R. Crim. P. 17(c)(2);

2. Fed. R. Crim. P. 47; and

3. Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder         #265041
Michael J. Carmody       #455703
1889 Preston White Drive, Suite 200
Reston, VA 20191
(703) 766-4400

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Motion to Quash Subpoena Duces Tecum, Statement of Points and Authorities in Support of Motion to Quash Subpoena Duces Tecum and proposed Order was mailed, first-class, postage prepaid, this 4 day of January 2007 to Eduardo Balarczo, 400 5th Street, NW, Suite 300, Washington, DC 20001 (Counsel for Defendant Dominic Samuels), with a copy to Glenn Leon, Assistant U.S. Attorney, United States Attorney's Office, 555 Fourth Street, N.W., Room 4112, Washington, DC 20530.

BY: _____
Anne M. Magruder          #265041
Michael J. Carmody        #455703

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) |
| v. | ) Case No.: CR 05-100 (17) <br> ) |
| DOMINIC SAMUELS, et al., | ) <br> ) <br> ) |

## STATEMENT OF POINTS AND AUTHORITIES
## IN SUPPORT OF MOTION TO QUASH SUBPOENA DUCES TECUM

DeCola Jones ("Movant," who is a non-party to this case and who was improperly named in the Subpoena as "De' Cola Jones"), has moved the court to quash the Subpoena Duces Tecum in a Criminal Case issued by counsel for Defendant Dominic Samuels dated October 31, 2006 ("Subpoena"), pursuant to Federal Criminal Procedure Rule 17(c)(2), as (1) the Subpoena was improperly served, and (2) the Subpoena failed to properly identify the person authorized to produce the requested records.

### BRIEF BACKGROUND

Movant is an employee of Edgewood Management Corporation ("Edgewood"), the managing agent for Congress Park Apartments ("Congress Park"), an apartment complex located in Southeast D.C. Eduardo Balarczo ("Balarczo"), attorney for Defendant Dominic Samuels, issued the above-referenced Subpoena, dated October 31, 2006, which was addressed as follows:

To:   De' Cola Jones
      1345 Savannah St SE

A copy of the Subpoena is attached hereto as Exhibit 1 and incorporated by reference herein. Balarczo attempted to have the Subpoena served on Movant on or about October 31, 2006, by sending an investigator named Mark Glick ("Glick"), employed by Balarczo, to deliver the Subpoena to Movant. Glick arrived at Congress Park and wrote down Movant's name from her nameplate on her desk, and then left the Subpoena on Movant's desk. While Glick was writing Movant's name on the Subpoena, Movant explained to Glick that she could not accept the Subpoena on behalf of Edgewood and that she was not the custodian of books and records for Edgewood, but Glick erroneously attempted to serve Movant regardless. Glick did not tender any witness fees or mileage fees along with the Subpoena when he left the Subpoena on Movant's desk. Furthermore, the Subpoena incorrectly referenced Movant as "De' Cola Jones" and requested Congress Park's records, which records Movant does not have any authority to turn over. To date, neither Balarczo nor Glick has attempted to revise or modify the Subpoena, nor have they attempted to cure the Subpoena's deficiencies.

## ARGUMENT

1. <u>The Subpoena Should Be Quashed For Improper Service.</u>

Rule 17 of the Federal Rules of Criminal Procedure, regarding the method for service of a subpoena in a criminal case, provides that:

> **(d) Service.** A marshal, a deputy marshal, or any nonparty who is at least 18 years old may serve a subpoena. The server must deliver a copy of the subpoena to the witness and must tender to the witness one day's witness-attendance fee and the legal mileage allowance. The server need not tender the attendance fee or mileage allowance when the United

States, a federal officer, or a federal agency has requested the subpoena. Fed. R. Crim. P. 17(d). In the present case, no witness-attendance fees have been tendered to Movant. Instead, Glick wrote down Movant's name on the Subpoena after he arrived at Congress Park, and left the Subpoena on Movant's desk without any other fees or mileage payments.

If Edgewood is the entity to whom Balarczo intended to direct the Subpoena, then because Edgewood is a corporation, the Federal Rules require service of process to conform to the relevant state and federal statutes authorizing service of process on a corporation. Thus, the service of the Subpoena is proper if it was effected in accordance with either Federal Rule of Civil Procedure 4(h), or the service of process statutes of the District of Columbia. See Fed. R. Civ. P. 4(h). The District of Columbia authorizes service by delivery of "a copy of the summons, complaint and initial order to an officer, a managing or general agent, or any other agent authorized by appointment or law to receive service." D.C. R. Civ. P. 4(e)(1)(West 2001). Edgewood maintains a registered agent in the District of Columbia for service of process.

If Movant is the individual to whom Balarczo intended to direct the Subpoena, then the Subpoena should have properly named Movant as witness by spelling Movant's name correctly, and the Subpoena should have been personally served upon Movant or upon Movant's agent for service of process <u>along with witness-attendance fees and/or mileage fees</u>, according to the relevant state and federal statutes for personal service of process on an individual.

Because the Subpoena was not properly delivered along with witness and

mileage fees under Fed. R. Cr. P. 17(d), the Subpoena should be quashed for improper service.

2. The Subpoena Should Be Quashed For Its Failure To Properly Identify The Person Authorized to Produce the Requested Records.

Even if the Subpoena in this matter had been properly served upon Movant, the Subpoena should still be quashed for its failure to properly identify an individual with custody of the books and records requested in the Subpoena.

The Subpoena does not properly identify any person who is the custodian of books and records for Edgewood, and only Edgewood, not Movant, is in possession, custody, and control of the requested records. The Subpoena requests information about certain tenants and apartments at Congress Park; however, the Subpoena has failed to identify any person who is authorized to produce such records as custodian of books and records for Congress Park. Movant is not custodian of books and records for Congress Park and would have no power or authority to turn over any of the requested records, since they are not in her possession, custody or control. In order to obtain any information from Congress Park's books and records, the Subpoena must command an individual authorized to review and maintain such records, typically, the custodian of books and records. The Subpoena does not identify or command as a witness any such authorized individual for Edgewood Management Corporation or for Congress Park; instead, the Subpoena commands "De' Cola Jones" to produce such records; "De' Cola Jones" is an unknown individual, and if the Subpoena was meant to be directed to Movant, Movant has no authority to review or maintain the requested

records.

Thus, the Subpoena should be quashed because it fails to properly identify any person who is authorized to produce the records requested in the Subpoena.

## CONCLUSION

The Subpoena cannot stand in its current state—it requests records from a person who is not authorized to maintain such records, and it was not properly served. Thus, the Movant requests that the Court quash the Subpoena Duces Tecum in this matter in its entirety.

Respectfully submitted,

MAGRUDER & ASSOCIATES, P.C.

BY: _____
Anne M. Magruder         #265041
Michael J. Carmody       #455703
1889 Preston White Dr., Ste 200
Reston, VA 20191
(703) 766-4400

E49991.025

# United States District Court

_____ DISTRICT OF _____

United States
v.
Dominic Samuels

**SUBPOENA IN A CRIMINAL CASE**

CASE NUMBER: 05-100(17) RWR

TO: Di'cola Jones
1345 Savannah St SE
202 574 4633

☒ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE | COURTROOM |
|---|---|
| 333 Constitution Ave NW WDC | J. Roberts |
| | **DATE AND TIME** 2/13/07 9AM |

☒ YOU ARE ALSO COMMANDED to bring with you the following document(s) or object(s):

Phone number for ~~3406~~ 3406 13th Pl SE #303
Also All information for this Apt.

U.S. MAGISTRATE JUDGE OR CLERK OF COURT
NANCY MAYER-WHITTINGTON

DATE: 10/31/06

ATTORNEY'S NAME, ADDRESS AND PHONE NUMBER: 202 639-0999
Eduardo Balarezo 400 5th St NW WDC #300

EXHIBIT 1
Case No. 05-1u(17)